By the Court.—Freedman, J.
The action was brought to recover back so much of the purchase price of real property as was paid by the plaintiff as the purchaser at the time of the sale, together with the expenses incurred by him in examining title, etc., on the ground that the defendants were unable to give a good title to the premises according to their contract.
The plaintiff was entitled to a good marketable title within the rule laid down by the Court of Appeals in The Methodist Episcopal Church Home v. Thompson, 108 N. Y. 618, and Moore v. Williams, 115 Ib. 586. He was not bound to show that the title tendered was absolutely bad.
The exceptions disclosed by the record present two questions, viz.: (1) whether the findings of the trial judge to the effeet that the defendants did not offer to give, and could not give, a good marketable title, are supported by the evidence, in which case the conclusions of law based thereon must be sustained; and (2) whether the plaintiff can have judgment notwithstanding the fact that the defendant Georgiana A. Rutherford did not appear in this action and was not served with a copy of the summons.
As to the first question: The record contains no deed *317 or deeds or other documentary evidence from which the actual state of the title could be determined with precision. The question of title seems to have been litigated principally upon the pleadings.
The 6 th paragraph of the complaint is as follows, viz.: “ VI. On August 1, 1881, one William Callahan and Ann Callahan, his wife, being then the owners in fee of the above described premises, executed and delivered a mortgage for one thousand dollars on a part of said premises to William R. Soper and Alfred Soper, as trustees. Said mortgage was recorded in the office of the register of the city and county of New York, in Liber 1586 of mortgages at page 196, on the 2d day of August, 1881. Said mortgage was assigned by the said William R. Soper and Alfred Soper as trustees, to the said Alfred Soper, individually. Said Alfred Soper commenced an action to foreclose said mortgage and another mortgage owned by him covering the rest of said premises, and said action was prosecuted to a judgment of foreclosure and sale, and the said Alfred Soper became the purchaser of said premises at said sale, and the referee appointed in said suit executed to him a deed thereof, purporting to convey the title thereto. Subsequently the said Alfred Soper having such title to the said premises as he acquired by the said deed from the said referee and no other title, died September 13, 1885. He left a will which was duly admitted to probate on the 6th day of October, 1885, by the surrogate of the county of New York. Letters of administration with the will annexed, dated October 9, 1885, were duly issued upon the estate of the said Alfred Soper to the defendants Phebe E. Sharp and Ferdinand G. Soper, the sister and brother respectively of said testator, and they duly qualified as such administrators. By his said will the testator devised one-half of all his real estate to the defendant Phebe E. Sharp. The remaining one-half there *318 of he devised to the said Phebe E. Sharp to hold the same in trust for the benefit of his brother Ferdinand G. Soper during his lifetime and to pay him the interest accruing on the same, and at his decease the defendant Phebe E. Sharp to use and to hold said real estate for herself or her heirs. The said will gave no power of sale to any executor or administrator or trustee appointed thereunder, nor to.any person. That the defendant Georgiana A. Rutherford claims to be seized in fee of an undivided half part of a portion of said premises by virtue of a deed dated December 5, 1888, and recorded in the office of the register of the city and county of New York, February 18, 1889, in Liber 2188 of Deeds at page 470, which was made to her as grantee by Phebe E. Sharp and Ferdinand G. Soper, individually and as executors with the will annexed of Alfred Soper, deceased.”
The answer of the defendants Phebe E. Sharp and Ferdinand G. Soper admits these allegations by not denying the same, and in addition contains the following express admissions, viz.:
“II. Defendants admit that on the sale of the premises described in the said complaint, Alfred So-per became the purchaser of the same, and that he received a deed of said premises from the referee appointed to sell the same, conveying the title • thereof to him, and that said Alfred Soper died on September 13, 1885, leaving a last will and testament which was duly admitted to probate by the surrogate of the county of New York, on the 6th day of October, 1885, and that letters of administration with the will annexed, dated October 9, 1885, were duly issued to said defendants, and that they duly qualified.
“III. That said last will and testament of Alfred 'Soper after disposing of certain pieces of personal property devises his property as follows : 1 I give unto my sister Phebe E. Sharp, one-half of my prop *319 erty, both real and personal, for her use and benefit. I give unto my sister, Phebe E. Sharp, the remaining half of my property, she to hold the same in trust for the benefit of my brother, F. G. Soper, during his lifetime, and to pay him the interest accruing on same. At his decease, my sister, Mrs. P. E. Sharp, to use and hold the property for herself or her heirs.’ ”
It, therefore, stands admitted beyond dispute that the mortgage made by Callahan to William R Soper and Alfred Soper, as trustees, was assigned by said trustees to one of their number individually and that the latter foreclosed the mortgage and brought the property at foreclosure in his own name. The title obtained by him in this way is presumptively voidable at the instance of the beneficiaries of the trust under which the trustees held the mortgage, and any person taking the title from him takes it with notice of the fact that the mortgage was held in trust. It was competent, however, for the defendants to show that, in fact, this trust created no defect. But the burden was upon them to show it. They gave no evidence to that effect. Moreover, the plaintiff gave evidence that at the time fixed for the closing of the title the defendants’ attorney stated that somebody might be interested in that mortgage besides the trustees. Under the decision of this court in Toole v. McKiernan, 48 N. Y. Superior Ct. R. 163, the title was, therefore, not marketable.
It further appears that the will of Alfred Soper, by devising to the testator’s sister one-half of his real estate, to hold the same in trust for the benefit of Ferdinand G. Soper during his lifetime, and to pay him the interest accruing on same, created a valid express trust belonging to the third class mentioned in section 55 of article 2, title 2, chapter 1 of part I of the Revised Statutes (1 R: S. 728, § 55), and that the will contains no power of sale, either expressed or implied, which enables the trustee to convey title. *320 In such a case' the- rule is that the trustee cannot destroy the trust by uniting with the beneficiary in a conveyance of the trust property. Chapter 257 of the Laws of 1886, amending § 65 of article 2, title 2, chapter. 1 of. part I of the Eevised Statutes, expressly provides that where the trust is, or shall be, expressed in the instrument creating the estate, every sale, conveyance, or- other act of the trustees, in contravention of the trust, shall be absolutely void. The case at bar falls within the prohibition of this statute.
Upon the whole casé the learned judge below was fully justified in' finding that the defendants did not offer to give, and could not give, a good marketable title.
As to the second question, it is sufficient to say that the 1st, 2d, and 3d paragraphs of the complaint alleged a joint liability on the part of the defendants, and that the facts therein set forth, not having been denied by the answer, were found by the trial judge to be true. In such a case § 265 of the Code does not apply, but all of the defendants may be proceeded against, although only a part of them were served (Code, § 1932). All that is necessary is that in docketing the judgment the requirements of. § 1936 of the Code, and that upon issuing execution ■ the requirements of §§1934 and 1935, should be observed.
The judgment should be affirmed, with costs.
Sedgwick, Ch. J., and McAdam, J., concurred.